EDWARD W. GARDNER *vs.* THOMAS B. FIELD & others.

Where all the defendants, in an action charging them with a joint trespass, are defaulted, and the case referred to an assessor to assess the damages, they are all liable for the whole damage actually sustained by the plaintiff, although it appear by the evidence before the assessor that one of them did not participate in the trespass.

In trespass for taking and carrying away sheep, the measure of damages is the market value of the sheep, and not their value to the plaintiff.

TRESPASS against the field-drivers of Nantucket for taking and driving away the plaintiff's sheep, on the 20th of April 1848.

The defendants were defaulted by agreement, and the case referred to an assessor to assess the damages, who reported that there was no evidence before him that Thomas E. Gibbs, one of t ᴄ defendants, participated in, or was connected with, the tres ᴄ complained of in this suit; but that there was evidence tha ʳasʹ not present, with the other defendants, at the taking or ʹing; and that the defendants thereupon contended thɩ ʹntiff wasʹentitled to no more than nominal dama-gᵉ judgment would go against all the defendants, aɩ damage had been proved against Gibbs; but that the p ᴌɑtiff contended that, inasmuch as the defendants had been defaulted, this objection was not open to them. And the as-sessor submitted this question to the court.

The assessor further reported, that it appeared from the testi‹ mony as to the value of the sheep, that if the sheep could not lawfully continue to run at large, and be depastured on the common and uninclosed lands in Nantucket, but must be kept on the lands of their owners, or sold, the plaintiff's sheep, on the 20th of April 1848, were worth from a dollar to a dollar and a half each; but that, if the sheep could lawfully continue to run at large and be depastured upon said common lands, then they were worth, at that time, from three dollars to three dollars and a half each. And the assessor assessed the plaintiff's damages in the alternative, according to each method of valuation.

*T. D. Eliot & R. C. Pitman*, for the defendants. 1. The plaintiff is entitled to no more than nominal damages, as judgment will go against all the defendants, and no damages have been proved against Gibbs. The allegation, in the declaration, of the time when the trespass was committed, is immaterial. 2 Greenl. Ev. § 624. *Pierce* v. *Pickens*, 16 Mass. 472. The defendants, by submitting to a default, have only admitted that a joint trespass was committed by them at some time. A plaintiff, who has proved a joint trespass by all the defendants, will not be permitted to waive that, and give evidence of a trespass by one only. Here the plaintiff has charged a joint trespass, which by the default of the defendants must be taken as proved; and he cannot recover damages for a trespass shown not to have been the act of all the defendants. 2 Greenl. Ev. 624. 3 Phil. Ev. (Amer. ed. 1849) 187. *Parsons* v. *Winchell*, 5 Cush. 593. *Sabin* v. *Long*, 1 Wils. 30. *Sedley* v. *Sutherland*, 3 Esp. R. 204. *Brown* v. *Allen*, 4 Esp. R. 158. *Hill* v. *Goodchild*, 5 Bur. 2792. *Higby* v. *Williams*, 16 Johns. 215. *Onslow* v. *Orchard*, 1 Stra. 422. *Eliot* v. *Allen*, 1 C. B. 18. *Howe's* *Pract*. 263. *Bosworth* v. *Sturtevant*, 2 Cush. 400. A default does not take away a defendant's right to see that improper damages are not assessed. It only confesses the defendant's liability to such damages as the court, upon inquiry, shall find to be just and proper. Rev. Sts. c. 97, §§ 2, 3. A defendant, after default, may except to the admission of evidence. *Storer* v. *White*, 7 Mass. 449.

2. If the defendants are liable at all, the true measure of damages is the value of the sheep, as articles of merchandise, at the time of the taking, independent of any consideration of the mode or place of feeding them. *Coolidge* v. *Choate*, 11 Met. 84. The value of the sheep is not affected by the fact that their owner has or has not a right to keep them in a certain place or manner. Though neither of the modes of valuation reported by the assessor is strictly accurate, the market value of the sheep is substantially embraced in the first mode.

*T. G. Coffin*, for the plaintiff. 1. The defendants, by their default, have admitted upon the record that they were all guilty of the trespass alleged against them; and as the plaintiff sought damages only for the trespass declared for, he is entitled to recover such damages against all the defendants. Bul. N. P. 298. *Green* v. *Hearne*, 3 T. R. 301. *East India Co.* v. *Glover*, 1 Stra. 612. *Brown* v. *Allen*, 4 Esp. R. 158. *Hill* v. *Goodchild*, 5 Bur. 2792.

2. There was no evidence before the assessor that the plaintiff's sheep might not lawfully run at large and be depastured on the common and uninclosed lands in Nantucket. *Folger* v. *Field*, 3 Cush. 336. The defendants therefore should be held to pay the plaintiff the full damages suffered by him from their interference with such right.

Thomas, J. Two questions arise upon the report of the assessor; first, whether any but nominal damages can be recovered; and secondly, what are the rule and measure of damages.

The action is trespass *de bonis asportatis*, the declaration alleging a joint trespass; all the defendants were defaulted by agreement, and the case referred to an assessor to ascertain the damages. The only question open before the assessor was the amount of damages. Who were liable, for such trespass as might be proved under the declaration, was settled by the admission upon the record. The plaintiff was not required to prove the joint liability of the defendants, and the defendants not at liberty to contest it. The trespass proved must be taken to be that declared on; and his joint liability with the other defendants Gibbs had admitted. The rule *de melioribus damnis*

applies, and Gibbs is liable for the whole damage, not upon the evidence, but upon his admission.

As to the measure of damages; it seems to us very clear that neither of the rules suggested in the assessor's report can be adopted. The question is not what is the value of the sheep to A. because he has facilities for keeping them, or to B. because he has not, but what is their fair market value as articles of sale and merchandise. The report must be recommitted that the assessor may find and report such market value.